The district court in this case committed two errors when it remanded the case back to state court. First, it erred in holding that the Supreme Court's unanimous decision in Standard Fire could not provide a basis for removing this case to federal court. In doing so, it not only failed to advance the principles in Standard Fire, but it also ignored this court's binding precedent in both Roth and Kirkbride. Second, the court erred in holding that there was less than $5 million in controversies where the plaintiff's own settlement letter valued their claims, one claim only, at more than $7.8 million. I suppose we agree with you about that. The judge applied what the legal certainty test? The judge in this case purported to apply the preponderance of the evidence standard. Did he? I thought the judge applied the legal certainty test, and that was incorrect given our case law. Do you really think the judge applied the preponderance of the evidence standard? I think, in effect, Judge Hurwitz, you're right. The judge did, in fact, apply a legal certainty standard in terms of what he required from the defendant. He said that in order to show that there was more than $5 million in controversy, it was the burden of Michaels to demonstrate that the hours worked by each and every class member, store-wide, exceeded five hours. To what degree? To a legal certainty or by a preponderance of the evidence? Well, the court did mention the preponderance of the evidence standard in its order. It did not state one way or the other whether it was applying that standard. Let me get back to my question. If we agree with you, what do we do, send it back to have the judge rethink it or what? Well, I think on the evidence before this court, under the standard of review before this court, the remand order is reviewed de novo. And I think on the record here, there's no question that the settlement letter in this case admits that there is more than $7.8 million in controversy when the artificial cap is removed under standard fire. Help me a little on a couple of things. When I read what the evidence was, it looked to me like he has to be applying the legal certainty test because all the evidence was on one side. All the evidence was that the damages claimed were in excess of $5 million. However, the judge said on ER 6, even under the preponderance of evidence standard, this declaration will fall short. And that would seem to mean that he applied the preponderance of evidence standard and we would have to say it was rather than saying he used the wrong standard, we'd have to say that his finding was clearly erroneous. I can't really tell since the evidence and the conclusion suggest one thing and the words suggest another. Any help? Well, and that was our difficulty with the order because there was a passing reference to the preponderance of the evidence standard. Well, I think it's the words that I read. And I don't know if that's a passing reference or if he means I'm applying two standards. I'm applying louder milk and there you don't have it. And then I'm applying preponderance of the evidence and you still don't have it. So what does it mean? Well, I think regardless of whether the court applied the preponderance of the evidence standard or the legal certainty standard, which this court has acknowledged no longer exists in light of standard fire. It's gone now under Rodriguez, right? The ruling was erroneous. And on the evidence. So you would say preponderance clearly erroneous. I would say that because. Is that our standard of review? The judge didn't take evidence. I mean, in the sense of hearing witnesses and determining credibility, what the judge decided the case on was papers, correct? That's correct. Do we review that determination, assuming that the judge makes an incorrect factual conclusion from those papers? What's our standard of review? In Lewis v. Verizon, this court applied the DeNovo standard of review in reviewing the evidence as to whether or not the preponderance of the evidence standard was met. And in that case, this court said that where the defendant shows that the amount in controversy could exceed $5 million. And in response, plaintiff offers no evidence to the contrary, which is exactly what we have here. So you're saying we reviewed DeNovo not for clear error in that case?  What case was that? Lewis v. Verizon. Lewis v. Thanks. And it's said in that case where, quote, plaintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less the preponderance of the evidence standards met. That's exactly what we have. Help me with another thing. Yes. The traditional removal rule is if the judge remands, even if he's wrong, you're all done. And there's an exception for class action fairness cases. However, there's another traditional rule, which is you can only remove once. Here, the case was removed twice. Now, the reason was good. He applied a standard the first time. And the Supreme Court said, nope, wrong standard, 9-zip. So there was a perfectly good reason. But when the rule says another pleading or paper, there are a couple other words in there, too, it's sort of hard to treat a Supreme Court decision as a paper because the context of paper suggests that it means one of the papers that comes from your adversary rather than a change in the law. What is the best case for treating the Supreme Court decision as an excuse to get around the rule against removing twice? The Roth versus CHA case actually spoke to that situation. I think that was a change in the statute, wasn't it? Well, Kirkbride involved a change in the statute. Oh, that's what I was remembering. But Roth speaks to the primary question of whether, in the first instance, the Supreme Court's decision falls into the bucket of 1446b-1 or 1446b-3. The trial court in this case, the district court in this case, looked at those two buckets and saw them as the exclusive bases on which removal could be granted. It said 1446b-1 didn't quite fit the Supreme Court's decision. It didn't fall in that bucket. It looked at 1446b-3. It said it didn't quite fit into that bucket. And therefore, the court concluded that removal was improper because it didn't fit into either one of those two buckets. Tell me again what you would have me do. If we agree with you, you would have us reverse it and remand it to the district court to what? For further proceedings, not to reconsider. What specifically? To reconsider the removal? I don't think reconsideration is necessary or appropriate in this case. I think on the evidence that's before this case and under the Vinogro standard of review, there is no question that under Cohn v. Petsmart, the plaintiff's settlement demands themselves, which put at issue more than $7.8 million, put this squarely within the district court's jurisdiction. So you're asking us to tell the district court that it should assume jurisdiction? Well, and that's what it did. Yes?  Okay. If we do that, do the state court orders also stand? Is this a certified class? No. Well, in our view, the question before the ‑‑ no. The short answer is no. Why not? And the reason is because when this case was remanded to the state court, we, like in the United Steel case, we followed the blueprint of United Steel. We asked the state court to stay proceedings because we warned of precisely ‑‑ But it didn't do that. It didn't do that. We made a class, and we have a state court judge who's made a determination under the California equivalent of Rule 23, which is, I think we've said several times, pretty close to the federal one, that this is an action worthy of class certification. I'm not sure that issue is in front of us, but I'm curious about it. Why shouldn't the district judge be bound by that order already entered in this action? Because the removal statutes say that the determination of remand can be considered by this court. That's 1453C. And in the meantime, a state court may proceed with the actions. But the question is fundamentally, at the time this case was removed, did the federal court have jurisdiction? Well, the truth is at the time the case was removed, given the existing precedence of this court, which allowed you to play games with the complaint and keep it under 5 million, the district court made the right decision, did it not? Not in light of standard ‑‑ Roth's standard fire hadn't come down yet, had it? In the first instance, that's correct. Okay. So you never appealed that? That's correct. And whether or not we appealed is irrelevant to the question before this court, because under Kirkbride, a change in law, as Justice ‑‑ or Judge Kleinfeld mentioned, a change in law provides under Kirkbride a valid basis for a ‑‑ So let me ask you one more question about this, because this is ‑‑ I'm trying to figure out where the ‑‑ how the statutory scheme works. Roth says don't worry about 1446B1 or B3 when there's one of these events. You can remove under 1441. What's your time limitation? I understand you acted promptly here and it happened the next day. Any time limitation on removal under 1441? There's not under Roth, and Roth addressed that situation. It said that we understand there's a potential for abuse. Obviously, this is not a case in which there's abuse. We removed the day after standard fire came down. But it said that there are certain safeguards that can be applied in those circumstances to prevent abuse. Roth said, for example, that if plaintiff believes that more than $5 million could be in controversy, it could simply provide a paper demonstrating that that was the case. Here, as the law of the case stood at the time of removal, under Loudermilk, the district court remanded the case. It was bound by Loudermilk. Sure. Loudermilk was vacated. And there's nothing that requires the state court to stay its hand after remand? No, that's right. And so I guess my question is still, don't you take the case in the status that the state court left it to you after your second remand request? You take the – I think, yes, because it is a – well, leading up to the second removal, because this is a new removal on a new case. Leading up to second removal. Exactly. Do you take the status quo at the time of the second removal? We would agree with that. Including the class certification order? The class certification came after the second removal. Okay. That's what confused me. Yes. And so I – How could that happen? I thought when a case was removed, it wasn't just a petition. It was really removed, and the state court no longer had the case. There were two removals at issue. Right. The first removal occurred – You're talking about between the two removals. That's right. Okay. So my – sorry. My question stands. Before the second removal, the state court certified a class. No. No. Before the second removal, there was no class certification procedure. So how did the state court proceed after the second removal? I thought that – I thought all removals said to state courts, stop, do not go further, wait for the federal court to tell you what to do. Well, the statute itself allows state courts to proceed while this court is considering whether or not jurisdiction belonged in the federal court. This is the CAFA statute. Yes, that's right. And if this Court determines that federal court jurisdiction existed at the time of the second removal, we go back in time to there. All this Court is doing is not revesting jurisdiction. I understand your argument. Thank you. You're down to a little less than three minutes. Yes. I'll reserve the balance of my time. Thank you. Thank you. Good morning. Good morning. May it please the Court, David Gallo on behalf of the REA Appellees and the certified plaintiff class. Because the Court has ordered simultaneous briefing, the REA parties have not yet had an opportunity to respond to the arguments and authorities in the appellant's brief. I'd like to – I propose to do that first, but before I do, I'd like to please address a few things that appellant's counsel mentioned. Firstly, I think there's some confusion here. The case was removed three times, twice under CAFA. The first time it was removed under CAFA, Loudermilk was controlling, and the district court applied the legal certainty standard. The third time it was removed, which was the second CAFA removal, the district court applied the preponderance of the evidence. Help me on that. Yes, Your Honor. The third removal. The third removal. Let me ask my question. It looked to me, as I mentioned to your adversary, as though the judge said both ways, it's not removable. Under Loudermilk, it's not removable, and even if I apply the preponderance of evidence standard, it's not removable. Now, when I look through the evidence – May I please interrupt? Your Honor is characterizing the first order of remand from 2011, not the third order of remand. Oh, this language here where he says, even under the preponderance of evidence standard, that's filed May 23, 2013? If it was May 23, 2013, then that would be the correct order. But at the beginning of that order, the judge mentioned that he had previously applied the legal certainty standard. You told me that that's the first removal, and the beginning of that order says for the first time, or for the third time, Michael Storrs has removed this case. So it looks as though what you told me is mistaken, and now I want to ask you about the third order of removal again. Yes, Your Honor. The judge says, even under the preponderance of evidence standard, this declaration would fall short. I don't understand why you've got various evidence that supports the inference that the managers work more than 40 hours a week, and they're entitled to overtime, and there are enough managers, so it adds up to more than $5 million. Now, as far as I could tell, looking through the excerpts of record, there's no evidence whatsoever to the contrary. Inferences from circumstantial evidence are, of course, acceptable in the normal way to decide things in civil and criminal cases. I don't understand how Michaels could fail the preponderance of evidence standard on this third removal, and I don't understand why the judge's statement would not be clearly erroneous. So educate me. Yes, Your Honor. Here's the answer. Number one, the removal jurisdiction is strictly construed. The burden is on the defendant. Yep. Now, under the judge's ---- We're together so far. I believe it's under ----  I know what the evidence was it was $5 million. No, the question is, is there admissible evidence that allows an inference that it was more than $5 million? And we start with Your Honor's opinion in Singer v. Liberty Mutual or State Farm. And Singer said that summary judgment evidence is required, which means basically evidence that would be admissible at trial. And Abrego Abrego adopted that standard in Catholic cases. But the judge didn't say this evidence was inadmissible. The judge said, I've looked at it, and I don't think it tells me that there's more than $5 million. See if you can answer Judge Kleinfeld's precise question. How can you reach that conclusion, assuming this evidence is admissible? Had the judge said, I find this affidavit not admissible, and therefore I'm not going to treat it, that's different. The judge said, I've looked at it, I've read it. Even though you said in your first complaint we're asking for $4,999,999, and now we have an affidavit that suggests that there's at least a dollar more at issue, how did the judge reach the conclusion on this evidence that there was less than $5 million at issue, no matter where the burden was? It was the only evidence, wasn't it? The only evidence of the hours worked was Mr. Marker's declaration, and it said two things. It said they are expected to work 45 hours a week, and they do work 45 hours a week. Two different things. Whether they do work, under Rule 602, he's completely incompetent to give that testimony. Whether they're expected to work. Why? He's the manager. He goes around to the stores, and he checks on them. Why? Your Honor, there are 135 stores in California. He's in Texas. How can he possibly know how many hours a week even one manager works? We lawyers bill our clients for 17 hours on opposition to some motion. They know we work 17 hours unless we're lying. Very good point, Your Honor, because we keep records of our time. However, Michaels has no system in place and keeps absolutely no records of the hours that store managers work. He does. He says here, I routinely visit our California stores and interact with the store management during my visits. So he's saying, I hang around with these guys and talk to them and see what they do. Well, Your Honor, he can't watch more than one of them work at one time, and there's 135 of them. So do you need 135 affidavits to establish this by the preponderance of the evidence under your view? That would have been one of three ways to do it. Firstly, the defendant does control these people. They could have required them all to give declarations, and they certainly had no trouble getting declarations from them in opposition to class certification. Secondly, they could have done a statistical analysis, a sampling, and put on evidence from a statistician that the sample was representative. If I took your standard and applied it to the routine intersection collision personal injury case, and the plaintiff puts on pain and suffering evidence, some neighbor or family member or something who said, oh, I saw her after the accident, and she was just in agony, and she was crying. And how many times did you see her? Oh, I must have seen her three or four times. And the claim is for pain and suffering over a period of two years. You would say, unless you've got evidence for every day of the two years, you don't have it. Well, Your Honor, first of all— Strike pain and suffering. Wage in our cases are based on numerical calculations. Pain and suffering is not. So it's completely an opposite. In this case, the defendant has control of the information. They could have gathered admissible evidence. There's nothing— I'm sure for the damages, when they get to the damages award, but now we're just talking about an inference for jurisdiction. My view is Your Honor's decision in Singer was correct, and Obrego Obrego was correct to apply that to half the cases. I don't remember Singer. Remind me. What was it about? Singer was the question of whether or not summary judgment-type evidence could be required to support the amount in controversy. And Your Honor held that, yes, it was. Yeah, that would mean declarations based on personal knowledge, deposition excerpts, admissions, answers to interrogations. Absolutely. They comply with the criteria. But here you've got a declaration. Well, Your Honor, the declaration says they actually do. It doesn't establish personal knowledge. A declaration must establish that they do have— Did you have a motion to strike this declaration? Evidentiary objections, yes, Your Honor. We certainly did. Did you make a motion to strike the marker affidavit? We filed evidentiary objections, Your Honor. That's the way it's done. That's the way it's done in that district? Yes, Your Honor. And what was the ruling? They're described— What was the ruling on your objection? The district court stated that whether or not, whether he held the evidence inadmissible or whether he made it as a determination of the weight, it would not meet the evidentiary standards. So he didn't make an evidentiary decision excluding it. The district court, as I recall it, in a footnote, said either viewing it as an admissibility issue or as a weight issue, the district court did not— You mean footnote 9 here? I don't have it before me, but I assume so, Your Honor. So let's go back to where Judge Kleinfeld started before. As I read this order, it says, and this sometimes happens in district court orders, legal certainty, legal certainty, legal certainty, legal certainty, footnote, yeah, preponderance of the evidence too. Did he really apply a preponderance of the evidence standard? Your Honor, this judge was not writing on tabula rasa. He was discussing the fact that he had previously applied the legal certainty standard to essentially the same declaration. Right. No longer. But that standard is no longer applicable. Now, two years later, he was not applying that standard, but he was saying before when I looked at this, I applied legal certainty. Now I apply preponderance. Where do I find that other than that footnote? I think the footnote is what Your Honor finds. So that's the only place where the preponderance. It's a strange order when the preponderance standard is now clearly applicable. The judge doesn't say at the beginning, I previously applied the legal certainty standard, but now I have to apply the preponderance one, and I'm going to analyze it. The judge recites a whole bunch of stuff, seems to refer to the legal certainty standard throughout, and then drops a footnote that says, and if I'd applied the preponderance standard, I think I'd come out the same way. Well, what about the presumption? In the text, at the end. What about the presumption that a trial judge made all findings necessary to support the judgment? Let me ask you a question. This is just sort of a practical matter, so I understand what's at stake here. What's the problem with this case being tried in federal court instead of state court? Is there a? Well, Your Honor, in all candor, we have been in state court back and forth. It's been removed three times. Here we are three years later, and you haven't really advanced the ball any. Actually, Your Honor, we have a class certified, and we have a case management conference set for next month when we expect the judge will give us a trial date. So we are there after two and a half years. But the reason we don't want it in federal court is because the state court is available and competent and doing a great job, and I frankly find that the procedures are a lot easier in state court than federal court. There are recent decisions under Rule 23 that plaintiff's lawyers don't like. It's just a difficult place to be. The federal courts are not really hospitable to litigants in civil cases. If everybody had been in front of this judge in federal court, you would. I think he's a great judge. I think he's an absolutely wonderful judge. He just doesn't want your case. Well, Your Honor, there are so many issues that we set out in our briefs that have barely been touched upon by the panel. I mean, it's alarming to me, and I just don't. Can I go back to Judge Silverman's question before? Which is? Yeah, I'll repeat it. Maybe I'll rephrase it. Let's assume we're not convinced that the judge applied the correct legal standard to this affidavit. Do we remand to the judge and say, we can't really tell from this order whether you applied the preponderance of the evidence standard, and if you did, we'd like you to tell us that you did? Or do we, as your opponent asks, simply order the judge to assume jurisdiction? Well, I think Your Honor is correct. If Your Honor thinks that you can't tell from the order that remand for the judge to apply preponderance or clarify that he applied preponderance the first time would be appropriate. However, before you can get there, you have to determine that this appeal hasn't become, that this appeal isn't moot. Why would it be moot? I understand your timeliness argument, but your moot argument sort of confuses me. Why is it moot? Standard Fire says our limitation to $5 million was ineffective because it was prior to class certification. And a pre-certification proposed class rep can't bind a class. Okay. So the superior court, having had jurisdiction revested pursuant to statute upon the third order for remand, certifies a class. You have a lawful court of the plenary sovereign enter in order the class is certified. My clients are now authorized representatives of that class. And the disclaimer is in effect. I can't tell whether your mootness argument was that now we can bind the class to the $5 million limit. Yes. Or whether your mootness argument was now that the Joseph class is out, there's only less than $5 million left. Your Honor, the answer is both. One of them is a matter of law, indisputable, clearly from the third order. Is it indisputable in California court that you can file a class action, reporting to represent everybody in the class that might have damages of more than $5 million, but as a class rep stipulate that you'll only seek less because you like state court better? Tell me what California case says that. Your Honor, the California court certified that class, and under standard fire. I understand the building blocks in your argument. I'm asking about the end of your argument. The class was certified. You're now saying, well, as class reps, a certified class, we can limit our damages to $4.999 million. Tell me what California case allows you to do that if, in fact, the amount in controversy is in excess of that. Standard fire, as a matter of federal law, says that would be an abuse of your class status to do so because there may be people in the class whose damages will be restricted thereby. Is there a California case that allows you to do that? I'm not aware of any case that's addressed the issue, but that's what's apparent from the face of it. And then tell me where the class rep has now limited the claim to $4.99 million. Your Honor, it's in the complaint. The original one. Well, the first amended, but there's no difference. Has there been an amended complaint filed since class certification? No, Your Honor, not since class certification. So there's no document in state court where the class reps say, we understand our fiduciary obligations and as lawyers representing the class, we understand what we're supposed to do, but we're only seeking $4.99 million because we like state court better than federal. And, Your Honor, the claims that were certified by the state judge are the claims that are set out in the first amended complaint, which does contain the disclaimer. Now, I understand your time is up, but Judge Kleinfeld asked you another question, which tell me the second part of your argument. I'm not sure I understand that either. The second part of the argument is it's a factual matter. They can't get above $5 million now that the class size has been cut in half. I don't think he gave us a computation on that. I have not, Your Honor. Let me ask you about your first claim. As I understand it, there's an unstated presupposition there. And the unstated presupposition is, of course, the lawyers can bind the class to getting less than $5 million. Oh, the Supreme Court has changed it for federal court. Now, in federal court, the lawyers can't bind the class to taking less than $5 million. There's no California authority, so we assume that our presupposition still applies in California. I don't understand how a fiduciary for a class can throw away the class's money in order to manipulate the case into one court or another. Well, Your Honor, until the case is over, how do we know that you're not representing, even minus the DeJoseph plaintiffs, if they're out? How do we know you're not representing people with $6 million worth of damages and you're just volunteering to give away $1 million of their money in order to get the case in state court? He asked the question better than I did, so try to answer it this time. I guess we're asking the same thing here. We're asking the question of state versus federal, and I don't. The way I view it is when you take away the pre-certification rationale of standard FIRE, the rationale of Loudermilk now applies. So it is a federal law issue, in my view, that standard FIRE applied only into the pre-certification context according to the plain language of the standard FIRE opinion. So now the rationale of Loudermilk applies, so it's not an issue of state law at all, in my view. I see you're out of time, Mr. Gallo. Thank you very much. Thank you, Counsel. No, thank you, Your Honor. It's okay. Mr. Grips, back to you. Just briefly, three points. This Court asked before what is the blueprint that it should follow if it does send this case back to district court. I pointed to Lewis v. Verizon, which held in that case that the burden was in fact met and did direct the district court to take and assume jurisdiction. We believe that the same exact facts exist here. What you heard from Mr. Gallo was an argument that we may or may not have met our burden, but he doesn't dispute that under Lewis v. Verizon, if we proffer evidence showing that the amount in controversy could exceed $5 million and there is zero evidence proffered in response to that, this Court has said the defendant has met his burden. Is the Court required to take everything you proffer as true? In other words, as I read the court order here, the Court says, okay, let's assume that everything in this affidavit is true. I'm not convinced that it establishes in excess of $5 million because I don't know that the manager had personal knowledge of everything, and so I give little weight to it. Tell me what review process the Court is supposed to go through when it gets one of these affidavits. I think the easy question in this case is dictated by Cohen v. PetSmart, looking at excerpts of Record 177, where plaintiff says that they, quote, accept the accuracy of data and calculations previously proffered by defendant, quote, and then goes on to say that defendant calculates the magnitude of overtime claim at $7.8 million. Then, That's the settlement letter? That's the settlement letter on 177. Then plaintiff's counsel goes on to make a settlement demand, calculating interest that he's seeking from defendant based on that $7.8 million figure. What this Court said in Cohen v. PetSmart, that is, if a plaintiff comes at you and says, we want $7.8 million, and then later comes back and tries to disclaim that the ERC Let me see what Cohen said. I want to go back, though, to, in effect, the decertification of one of the classes. How does that affect us here? United Steel speaks directly to that case. United Steel says, consistent with all authority preceding it, that post-removal events do not affect jurisdiction. We look at jurisdiction at the time the case is removed. United Steel involves Which removal? Well, in this case, the second removal. You look at I know you're running out of time, but this is important to me. Tell me what you refer to as the second removal. Is that the one we're now reviewing? That's right. Okay. Because there were three, but we're now reviewing what I thought before was the second removal. That's correct. In this case, the class certification order did not come until after that second removal. So at that point, that class is still out there. And that's exactly what United Steel says. United Steel involved the case in which the class was decertified, just as here, and the plaintiff argued that jurisdiction no longer existed. This Court rejected that argument. Thank you. Mr. Grips, thank you. Mr. Gallo, thank you, too. The case just argued is submitted. Good morning, gentlemen.
judges: Kleinfeld, Silverman, Hurwitz